UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JELENA LIU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-716-JPH-TAB |
| | ) |
| KRISTI NOEM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**First Amended Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. Foreign nonimmigrant students are allowed to remain in the United States for study with F-1 status after receiving an F-1 visa. The Student and Exchange Visitor Information Systems (SEVIS) is a database maintained by the Department of Homeland Security that tracks the compliance by international students with their F-1 status. The plaintiff is a nonimmigrant student who resides in Indiana and who is attending an Indiana university with F-1 student status and who has fully complied with all the requirements necessary to maintain her F-1 status. However, on or about April 3, 2025, the United States Department of Homeland Security ("DHS") unilaterally terminated the F-1 student status of numerous students throughout the United States, as reflected in the SEVIS database. This includes the plaintiff and has resulted in the loss of her ability to remain in the United States as a student. No process was provided to challenge the

1

termination. And this was done in clear violation of federal regulations that explicitly limit the circumstances under which the defendants can terminate the F-1 status of foreign nonimmigrant students.

2. There are no grounds to terminate the plaintiff's F-1 status. Even if a visa is revoked, the United States is not authorized to terminate plaintiffs' student status. The grounds claimed by the United States in the plaintiff's SEVIS termination do not provide legal authority to terminate the SEVIS record. An F-1 visa controls a student's entry into the country, not their continued lawful presence once admitted. The plaintiff was in full compliance with the terms of her F-1 status and has not engaged in any conduct justifying termination of the status.

3. Assuming that she does not voluntarily depart the country, the plaintiff is now subject to removal from the United States. The termination of her F-1 status has caused her, and is continuing to cause her, obvious irreparable harm. The termination of her status represents final agency action by the defendants and inasmuch as there are no valid grounds for the terminations and they are contrary to constitutional right, the defendants' actions violate the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (B), as they are arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with law and the Constitution. Moreover, the plaintiff has an entitlement to avoid termination of her F-1 status unless specific regulatory standards are met and inasmuch as those standards are not met here and the plaintiff has been afforded no opportunity to

demonstrate her continuing entitlement, the actions of the defendants also violate basic principles of due process guaranteed by due process secured by the Fifth Amendment to the United States Constitution. The plaintiff is entitled to declaratory, preliminary, and final injunctive relief reinstating her F-1 status.

**Jurisdiction and venue**

4. This Court has jurisdiction of this case pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331, and 28 U.S.C. § 1346.

5. Declaratory relief is authorized by Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201, 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Parties**

7. Jelena Liu is an adult resident of Marion County, Indiana.

8. Kristi Noem is the duly appointed Secretary of the United States Department of Homeland Security. She is sued in her official capacity.

9. Todd Lyons is the duly appointed Acting Director of United States Immigration and Customs Enforcement. He is sued in his official capacity.

**Legal background**

10. Federal law provides that noncitizens can enroll in government-approved academic institutions as F-1 students. See 8 U.S.C. § 1101(a)(15)(F). Students enter the United States on an F-1 visa issued by the United States Department of State. Then, once they enter the United States with an F-1 visa, students are granted F-1 student status and

permitted to remain in the United States for the duration of status as long as the student continues to meet the requirements established by the regulations governing the student's visa classification.

11. DHS's Student and Exchange Visitor Program (SEVP) is in charge of administering the F-1 student program and tracking information on students in F-1 student status.

12. SEVIS is a web-based database that DHS uses to track and monitor, among others, nonimmigrant students who have F-1 status.

13. An academic institution must obtain formal approval from DHS before it can sponsor a student's F-1 status. An institution must first file an application for School Certification through the SEVIS system. 8 C.F.R. § 214.3.

14. Each school has a Designated School Official ("DSO") who monitors the student and who issues an I-20 form, which memorializes the student as someone admitted to the United States pursuant to the F-1 visa. U.S. Dep't of Homeland Sec., *Study in the States*, https://studyinthestates.dhs.gov/students/prepare/students-and-the-form-i-20 (last visited Apr. 13, 2025).

15. In addition to traditional education, F-1 students may also participate in two types of practical training programs. 8 C.F.R. § 214.2(f)(10)(ii). Curricular practical training, or "CPT," includes alternative work/study, internship, cooperative education, or any other type to required internship or practicum that is offered by sponsoring employers through cooperative agreements with the school" that is "an integral part of an established

curriculum." 8 C.F.R. § 214.2(f)(1)(i). Optional Practical Training, or "OPT" consists of temporary employment that is directly related to the student's major area of study. 8 C.F.R. § 214.2(f)(1)(ii).

16. Once a student has completed his or her course of study and any accompanying practical training, they have sixty days to either depart the United States or transfer their status to another institution. 8 C.F.R. § 214.2(f)(5)(iv).

17. If a student voluntarily withdraws from the F-1 program, they have 15 days to depart the United States. *Id.*

18. However, "an F-1 student who fails to maintain a full course of study without approval of the DSO or otherwise fails to maintain status is not eligible for an additional period for departure." *Id*.

19. Under the regulation, DSOs at schools must report through SEVIS to SEVP when a student fails to maintain status. *See* 8 C.F.R. § 214.3(g)(2).

20. Termination of F-1 status is reflected in SEVIS and students will be notified of their loss of status through their DSO.

21. The regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status"; and (2) an agency-initiated "termination of status."

22. Students fail to maintain their F-1 status if they fail to satisfy the requirements imposed on F-1 students by federal regulations: failure to maintain a full course of study,

engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence for which a sentence of more than one year can be imposed. 8 C.F.R. § 214.2(e)-(g).

23. While F-1 status may be lost as outlined above, DHS's ability to terminate F-1 student status "is limited by [8 C.F.R.] § 214.1(d)." *Jie Fang* v. *Dir. U.S. Immig. & Cust. Enforc.*, 935 F.3d 172, 185, n. 100 (3d Cir. 2019).

24. Termination of F-1 status as reflected in the SEVIS record means that the student is out of status.

25. Under 8 C.F.R. § 214.1(d), DHS can terminate F-1 student status only when: (1) a previously granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination.

26. To remove a noncitizen after their nonimmigrant status is revoked, DHS must file the Notice to Appear, which is the charging document that initiates immigration court proceedings.

27. Once the Notice to Appear is filed, the individual may be taken into custody under a Warrant of Arrest.

28. However, there is a clear distinction between the revocation of an F-1 visa, which limits the ability of a person to reenter the United States and the termination of a person's

status through termination of the SEVIS record.

29. DHS's own policy guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record." *See* ICE Policy Guidance 1004-04 – Visa Revocations (June 7, 2010) at 3, available at https://www.ice.gov/doclib/sevis/pd/visa_revocations_1004_04.pdf (last visited Apr. 10, 2025).

30. The Immigration Judge in a removal proceeding has no ability to review and reverse the status termination as reflected in SEVIS because the process is collateral to removal proceedings. *See Jie Fang*, 935 F.3d at 183.

31. Defendants' action in terminating a student's lawful status in the United States may lead to detention and the initiation of removal proceedings with the student not being able to contest the validity of their termination that is the cause for the removal.

32. The termination of a person's status as reflected in the SEVIS record represents final agency action for purposes of review under the Administrative Procedure Act. *See Jie Fang*, 935 F.3d at 185.

**Factual allegations**

33. Jelena Liu is a student in the second year of a two-year graduate program at Indiana University in Indianapolis where she is studying Human Computer Interactions.

34. Ms. Liu is a citizen of China.

35. Ms. Liu received F-1 status in 2016 for her undergraduate studies at then-IUPUI. Although she initially pursued the major chosen by her family, it was not a good

fit, and Ms. Liu began to experience depression. She changed to a new major, and her advisor recommended easing her course load to support her mental health. She then inadvertently dropped too many classes to maintain her status. She discovered this when she attempted to return to the United States from China after winter break and was inormed that the visa had been revoked. It was subsequently reinstated and reissued in 2018. She completed her undergraduate studies in 2022 and she started her graduate studies as of January 1, 2024, and she has had her F-1 status continuously since that time.

36. She currently has a 3.42 grade point average.

37. Ms. Liu has never committed any criminal offense and has complied with all the rules and regulations imposed on a person with F-1 status.

38. Ms. Liu remains a student in good standing at Indiana University Indianapolis.

39. Nevertheless, on April 11, 2025, she received an email from the Director of International Student and School Services at Indiana University Indianapolis that states that:

> A recent review of student records brought to our attention that your SEVIS record and lawful F-1 status in the United States was terminated yesterday, by the U.S. Department of Homeland Security. The reason for the termination listed in SEVIS is, 'OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.' The government has provided no further information about the reason for the termination of your F-1 SEVIS record.
>
> If you are currently employed, you are advised to cease employment immediately.

40. No further notice or explanation has been given for the termination of her F-1 status and her SEVIS record and she has received no notice from DHS or any other agency of the United States.

41. Ms. Liu has no criminal record and there is no lawful basis for the termination of her SEVIS record and the resulting termination of her F-1 status, and none of the bases for termination of status articulated in 8 C.F.R. § 214.1(d) are applicable to her.

42. Ms. Liu has no recourse to challenge the termination of her lawful F-1 status and SEVIS record.

43. This termination is extremely problematic for Ms. Liu as she may never be able to complete her studies if she loses her F-1 status. Moreover, she is currently receiving medical care that may not be available to her if she is removed and returns to China.

44. She is now extremely nervous about her future. This is extremely disconcerting and has greatly exacerbated mental health conditions that she has.

45. The plaintiff is being caused irreparable harm for which there is no adequate remedy at law.

**Legal claims**

46. The termination of the plaintiff's F-1 status by defendants as the result of the termination of her SEVIS record represents final agency action and was without statutory or regulatory authority in violation of the Administrative Procedure Act, 5 U.S.C.

§ 706(2)(A), (B) as it is arbitrary, capricious, and "contrary to constitutional right, power, privilege or immunity."

47. The termination of the plaintiff's F-1 status by defendants as the result of the termination of her SEVIS record occurred without adequate notice and the opportunity to meaningfully challenge the termination in violation of due process.

**Request for relief**

WHEREFORE, the plaintiff requests that this Court:

a.  assume jurisdiction of this case and set it for hearing at the earliest opportunity;

b.  enter a declaratory judgment that the actions of the defendants are unlawful for the reasons noted above;

c.  enter a preliminary injunction, later to be made permanent, enjoining defendants

   i. from detaining the plaintiff until this matter is resolved and enjoining defendants to immediately reinstate the plaintiff's F-1 student status;

   ii. enjoining defendants to provide adequate notice and the opportunity to be heard if defendants attempt to terminate the plaintiff's F-1 status and SEVIS immigration records;

d.  award the plaintiff her reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 2412 as the defendants' actions in this case are not substantially justified;

e.  award all other proper relief

          Kenneth J. Falk
          Gavin M. Rose
          Stevie J. Pactor
          ACLU of Indiana
          1031 E. Washington St.
          Indianapolis, IN 46202
          317/635-4059
          fax: 317/635-4105
          kfalk@aclu-in.org
          grose@aclu-in.org
          spactor@aclu-in.org


          Sarah L. Burrow
          LEWIS KAPPES
          One American Square, Suite 2500
          Indianapolis, IN 46282
          317/639-1210
          fax: 317/639-4882
          SBurrow@lewis-kappes.com

          Attorneys for Plaintiff