IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZEEL M. PATEL,<br><br>   Plaintiff,<br><br> v.<br><br>PAM BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary of Homeland Security*; and TODD LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*;<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:25-CV-00101<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER OF COURT

Presently pending before the Court is Plaintiff Zeel Patel's ("Patel") Motion for Temporary Restraining Order ("TRO") (Docket No. 2). Patel asks the Court to grant her motion and to issue an order (i) enjoining Defendants from terminating her F-1 student status under the Student and Exchange Visitor ("SEVIS") system and (ii) requiring Defendants to set aside their termination determination. The Court has reviewed Patel's motion, as well as her supporting brief (Docket No. 3), Proposed Order (Docket No. 5), Supplement (Docket No. 12), and Proposed Findings of Fact and Conclusions of Law (Docket No. 13). The Court has also considered the parties' arguments on the motion, which the Court heard today, April 17, 2025, at a hearing on the motion. (Docket No. 6). Having carefully considered the record and the parties' arguments, the Court will grant the motion for TRO for the reasons stated on the record and herein.

### I. STANDARD OF REVIEW

Patel must establish the following for a TRO: "(1) a likelihood of success on the merits, (2) that denial of injunctive relief will result in irreparable harm, (3) that granting the temporary restraining order will not result in irreparable harm to the defendants, and (4) that granting the

TRO is in the public interest." *Zubik v. City of Pittsburgh*, No. 20:CV-1809, 2020 WL 7053304, at *1 (W.D. Pa. Nov. 24, 2020) (citing *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997)). That is, she must establish the same elements as for a preliminary injunction. *Id.* (citing *Saluck v. Rosner*, C.A. No. 98-5718, 2003 WL 559395, at *2 (E.D. Pa. Feb. 25, 2003)). Where, as here, the government is a party, "the last two factors in the [TRO] analysis … merge." *City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579, 657 (E.D. Pa. 2017) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009). The primary purpose of a TRO is "preserv[ation of] the status quo until a decision can be made on the merits." *Id.* (citing *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020)); *N. Am. Dental Mgmt., LLC v. Phillips*, No. CV 23-1202, 2023 WL 4551980, at *2 (W.D. Pa. July 14, 2023).

## II. DISCUSSION

Patel is an international student pursuing her master's degree in Management Sciences and Quantitative Methods at Gannon University in Erie, Pennsylvania. (Docket No. 1, ¶ 25). She entered the United States on September 23, 2023, on an F-1 student visa. (Docket No. 12-2, ¶ 2). Patel indicates in her filings that she has maintained her status and has not done anything to compromise her status in the United States while she pursues her education at Gannon. It therefore came as a surprise to her when, on April 8, 2025, she was "notified by email by [her] school that [her] SEVIS status had been terminated" (*id.* ¶ 4) and informing her that this "indicat[ed] that the U.S. government believes [she] ha[d] violated [her] status." (Docket No. 1-3 at 4). Patel speculates the SEVIS termination could be related to a summary disorderly conduct offense, 18 Pa. S. C. § 5503(A)(4), but she explains through her attorneys that such offense would not explain her SEVIS termination. (Docket No. 3 at 2-3). Patel has not received any explanation from Defendants concerning the abrupt SEVIS termination. Based on these events, Patel sued

Defendants for violating the Administrative Procedure Act ("APA") (Counts I and II), and depriving her of procedural due process in violation of the Fifth Amendment and the APA (Counts III and IV).

In applying the TRO standard to Patel's motion, the Court first assesses Patel's likelihood of success on the merits of her claims.[1]  At least with respect to Patel's claims that Defendants' termination of her SEVIS status violated the APA because it was (1) arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, including 8 C.F.R. § 214.1(d), and (2) arbitrary and capricious because no rational connection between any facts and such decision was made or conveyed, the Court finds that Patel has established more than a reasonable probability of success on the merits.  To establish a reasonable probability of success on the merits, a "plaintiff need only prove a prima facie case, not a certainty that [it] will win." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001).  Patel has met that burden here.

The SEVIS termination is a final agency decision susceptible to judicial review.  *Jie Fang v. Dir. U.S. ICE*, 935 F.3d 172, 182 (3d Cir. 2019).  SEVIS termination may occur when a student fails to maintain status or when Department of Homeland Security ("DHS") terminates status.  *See* 8 C.F.R. §§ 214.2(f); 214.1(d).  With respect to maintenance of status, Patel represents under penalty of perjury that she has maintained her status by full-time study at Gannon, by avoiding any unlawful or unauthorized employment, and by avoiding being convicted of a crime of violence.  With respect to DHS terminations, it does not appear that DHS terminated Patel's SEVIS

---

[1]  If the Court finds a likelihood of success on some of Patel's claims, the Court need not go on to assesses likelihood of success on all claims. *CIBA-GEIGY Corp. v. Bolar Pharm. Co.*, 719 F.2d 56, 57 (3d Cir. 1983) (affirming the district court's "thoughtful and detailed" decision granting a preliminary injunction where the plaintiff had demonstrated a "likelihood of ultimate success as to at least one of the [counts—either the Lanham-Act count or the State unfair-competition counts]").

registration or terminated her F-1 visa pursuant to its limited authority to do so. *Jie Fang*, 935 F.3d at 185 n. 100 (explaining the bases for termination of an F-1 visa as set forth in 8 C.F.R. § 214.1(d)). Patel's evidence and argument at this juncture establishes that her SEVIS registration was terminated without explanation and there is no evidence in the record to discern termination for a reason set forth in 8 C.F.R. § 214.2(f) or 214.1(d). At argument, the Government could not provide an explanation. The Court is therefore satisfied that Patel is likely to succeed on the merits of her claims, at least with respect to the claims in Counts I and II of the Complaint wherein Patel has sought this Court's review of whether Defendants' final decision on her SEVIS registration was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law in violation of 5 U.S.C. § 706(2)(A).[2]

That brings the Court to the second TRO factor: whether a TRO is necessary to prevent immediate and irreparable harm to Patel. Patel represents, *inter alia*, that Defendants' termination of her SEVIS registration puts her at risk of removal, disrupts and frustrates her academic studies and her ability to graduate in May 2026, and will result in financial hardship where Patel has already spent at least $30,000 toward her degree. Patel also believes she presently lacks lawful status because of Defendants' actions, and she therefore may be accruing out-of-status time that will affect her ability to reinstate F-1 student status in the future. As the Court expressed on the record at the hearing today, the disruption of education and potential accrual of time out of lawful

---

[2] The Court would reach the same conclusion even if the heighted standard applicable to injunctions seeking to alter the status quo applied here. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).

status that could not be regained constitute an immediate and irreparable harm to Plaintiff warranting a TRO.[3]

Because the two "gateway" factors for a TRO weigh in Patel's favor, the Court next considers whether granting the TRO will result in greater harm to Defendants and whether the public interest is served by the TRO. *Kim v. Hanlon*, 99 F.4th 140, 154 (3d Cir. 2024). Regarding harm to Defendants, no specific harm has been brought to the Court's attention. The Government did not identify any threat to the public interest that will result from restoration of Patel's SEVIS registration. To the contrary, ensuring that SEVIS termination only occurs in accord with applicable law is in the public interest. Based on that and all the foregoing, it is the Court's assessment in this matter that all four elements for TRO relief are satisfied here and warrant granting Patel's motion.

### III. CONCLUSION

The Court is satisfied that Defendants will not be harmed in any significant way by the granting of a TRO in this matter. Patel has established all the requirements of Rule 65(b) and is entitled to entry of a TRO under the relevant case law. The TRO will be set to expire in fourteen days on **May 1, 2025**, though such date may be extended for good cause. This Court will not require Patel to give security for the TRO pursuant to Rule 65(c) because there is no indication in the record that Defendants will suffer damages if this TRO was wrongfully entered. *Consol Pennsylvania Coal Co., LLC v. Mahalaxmi Cont'l Ltd.*, No. CV 22-781, 2022 WL 2133563, at *2

---

[3] While delays in education alone have generally been found not to "amount to irreparable harm," *B.P.C. v. Temple Univ.*, No. CIV.A. 13-7595, 2014 WL 4632462, at *5 (E.D. Pa. Sept. 16, 2014), the circumstances here are unique in that Patel is at risk of accruing days that could accumulate to prevent future reinstatement of F-1 status. *See Jie Fang*, 935 F.3d at 176.

5

(W.D. Pa. June 14, 2022). The Court intends to set a hearing in this matter by further order, should Patel move for a preliminary injunction.

An appropriate Order follows.

### ORDER OF COURT

AND NOW, this 17th day of April 2025, upon consideration of Plaintiff's Motion for Temporary Restraining Order (Docket No. 2), for the reasons set forth in the Memorandum, *supra*, and having determined that: (1) Plaintiff has established a likelihood of success on the merits; (2) Plaintiff will suffer irreparable harm if the TRO is denied; (3) granting the TRO will not result in irreparable harm to Defendants; and (4) granting the TRO is in the public interest, IT IS HEREBY ORDERED that said Motion is GRANTED.

IT IS FURTHER ORDERED that, for the duration of this TRO:

1. Defendants are enjoined from terminating Plaintiff's F-1 student status records from SEVIS;
2. Defendants are enjoined from directly or indirectly enforcing, implementing, or otherwise taking any action imposing any legal consequences as the result of the decision to terminate Plaintiff's SEVIS records;
3. The Court will set a hearing on any forthcoming preliminary injunction motion by further order of Court;
4. This Order shall remain in effect until **MAY 1, 2025**, at **2:30 p.m.**, unless otherwise extended, modified, or vacated by further Order of Court.

*/s/ W. Scott Hardy*
W. Scott Hardy

6

United States District Judge

cc/ecf: All counsel of record