UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JELENA LIU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 1:25-cv-716-JPH-TAB |
| KRISTI NOEM, U.S SECRETARY OF | ) |
| HOMELAND SECURITY, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |

## ANSWER

The Defendants the United States Secretary of Homeland Security, in her official capacity, and the Acting Director of United States Immigration and Customs Enforcement, in his official capacity, respectfully respond to the Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief as follows:

### INTRODUCTION

1. The Defendants state that Plaintiff's Paragraph 1 is a summary of Plaintiff's legal arguments to which to response it required. To the extent a response is required, the Defendants deny the allegations in Paragraph 1 and deny that they violated federal regulations, which speak for themselves.

2. The Defendants state that Plaintiff's Paragraph 2 is a summary of Plaintiff's legal arguments to which to response it required. To the extent a response is required, the Defendants admit that a person's F-1 visa does not control their lawful presence in the United States and deny that they revoked Plaintiff's F-1 visa. The Defendants lack sufficient information or belief

1

to admit or deny the remaining allegations set forth in Paragraph 2 and therefore deny them.

3. The Defendants state that Plaintiff's Paragraph 3 is a summary of Plaintiff's legal arguments to which to response it required. To the extent a response is required, the Defendants deny that they revoked the Plaintiff's F-1 visa and deny that any change in her SEVIS status is a final agency action under the Administrative Procedure Act. The Defendants further deny that they violated federal regulations or Plaintiff's constitutional rights. The Defendants deny that the Plaintiff is entitled to relief against the Defendants.

## JURISDICTION AND VENUE

4. Defendants deny that this Court has jurisdiction over this lawsuit because there has been no final agency action under the Administrative Procedure Act; the Plaintiff fails to state a claim upon which relief may be granted; and some or all of the Plaintiff's requested relief may not be brought in this Court.

5. Denied.

6. The Defendants admit that based on the allegations in the First Amended Complaint, venue is proper.

## PARTIES

7. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 7 and therefore deny them.

8. The Defendants admit that Kristi Noem is currently the Secretary of the Department of Homeland Security and the First Amended Complaint purports to sue her in her official capacity only.

9. The Defendants admit that Todd Lyons is currently the Acting Director of United

2

States Immigration and Customs Enforcement and the First Amended Complaint purports to sue him in his official capacity only.

## LEGAL BACKGROUND

10. The Defendants state that the cited statute speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 10 that are inconsistent with the statute.

11. The Defendants admit that Congress has required the Department of Homeland Security, in consultation with the Secretary of State and the Secretary of Education, to develop and conduct a program to collect certain information from approved institutions of higher education, other approved educational institutions, and designated exchange visitor programs in the United States. The Defendants deny any remaining allegations in Paragraph 11.

12. Admitted.

13. The Defendants state that the cited regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 13 that are inconsistent with the regulation.

14. The Defendants state that the applicable regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 14 that are inconsistent with the regulation.

15. The Defendants state that the cited regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 15 that are inconsistent with the regulation.

16. The Defendants state that the cited regulation speaks for itself and no response is

required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 16 that are inconsistent with the regulation.

17. The Defendants state that the cited regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 17 that are inconsistent with the regulation.

18. The Defendants state that the cited regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 18 that are inconsistent with the regulation.

19. The Defendants state that the cited regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 19 that are inconsistent with the regulation.

20. The Defendants state that the applicable regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 20 that are inconsistent with the regulation.

21. The Defendants state that the applicable regulations speak for themselves and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 21 that are inconsistent with the regulations.

22. The Defendants state that the cited regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 22 that are inconsistent with the regulation.

23. The Defendants state that the cited regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in

Paragraph 23 that are inconsistent with the regulation.

24. The Defendants state that terminating a record in SEVIS does not terminate an individual's nonimmigrant status in the United States. The Defendants deny any remaining allegations in Paragraph 24.

25. The Defendants state that the cited regulation speaks for itself and no response is required. To the extent a response is required, Defendants deny any allegations set forth in Paragraph 25 that are inconsistent with the regulation.

26. The Defendants state that 8 U.S.C. § 1229a sets for the statutory process for removal proceedings and speaks for itself. To the extent a further response is required, Defendants deny any allegations set forth in Paragraph 26 that are inconsistent with the statute.

27. The Defendants state that 8 U.S.C. § 1229a sets for the statutory process for removal proceedings and speaks for itself. To the extent a further response is required, Defendants deny any allegations set forth in Paragraph 27 that are inconsistent with the statute.

28. Admitted.

29. Admitted.

30. The Defendants state that 8 U.S.C. § 1229a sets for the statutory process for removal proceedings and speaks for itself. To the extent a further response is required, Defendants deny any allegations set forth in Paragraph 30 that are inconsistent with the statute.

31. The Defendants state that Paragraph 31 is a hypothetical to which no response is required. To the extent a response is required, the Defendants deny that they revoked the Plaintiff's F-1 visa and further deny that removal proceedings have been initiated against the Plaintiff.

32. Denied.

## FACTUAL ALLEGATIONS

33. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 33 and therefore deny them.

34. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 34 and therefore deny them.

35. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 35 and therefore deny them.

36. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 36 and therefore deny them.

37. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 37 and therefore deny them.

38. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 38 and therefore deny them.

39. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 39 and therefore deny them.

40. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 40 and therefore deny them.

41. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 41 and therefore deny them.

42. Denied. The Defendants state that the Plaintiff's SEVIS record has been reinstated.

43. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 44 and therefore deny them.

44. The Defendants lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 44 and therefore deny them.

45. Denied.

## LEGAL CLAIMS

46. The Defendants state that Plaintiff's Paragraph 46 is a summary of Plaintiff's legal arguments to which to response it required. To the extent a response is required, the Defendants deny that they revoked the Plaintiff's F-1 visa and deny that any change in her SEVIS status is a final agency action under the Administrative Procedure Act. The Defendants further deny that they acted in an arbitrary and capricious manner, that they violated federal statute or regulations, or that they violated Plaintiff's constitutional rights. The Defendants deny that the Plaintiff is entitled to relief against the Defendants.

47. The Defendants state that Plaintiff's Paragraph 47 is a summary of Plaintiff's legal arguments to which to response it required. To the extent a response is required, the Defendants deny that they revoked the Plaintiff's F-1 visa and deny that any change in her SEVIS status is a final agency action under the Administrative Procedure Act. The Defendants further deny that they acted in an arbitrary and capricious manner, that they violated federal statute or regulations, or that they violated Plaintiff's constitutional rights. The Defendants deny that the Plaintiff is entitled to relief against the Defendants.

## REQUEST FOR RELIEF

The Defendants deny that the Plaintiff is entitled to the requested relief or that they violated the Administrative Procedure Act or the Fifth Amendment.

## DEFENSES

1. The Court lacks subject matter jurisdiction over Plaintiff's claims.

2. The Amended Complaint fails to state a claim upon which relief can be granted.

3. The Plaintiff is not entitled to declaratory or injunctive relief as the controversy is not ripe for judicial review.

4. The Plaintiff is not entitled to injunctive relief as she has an adequate remedy at law and has not suffered irreparable injury.

5. The Plaintiff is not entitled to costs or any other monetary relief.

6. Any action taken by the Defendants was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants respectfully request that the Amended Complaint be dismissed with prejudice, that judgment be entered in Defendants' favor and against Plaintiff, and for all other relief as this Court deems just and proper.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

By:  *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

This is to certify that on April 30, 2025, I have served a copy of the foregoing upon the Plaintiff herein by filing a copy of the foregoing electronically through the Court's CM/ECF system and it will be electronically served on all counsel of record.

 *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204