UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JELENA LIU, NINA HU, JUNDE ZHU, XIAOTIAN YU, XILAI DAI, ZHAORUI NI, JIDEOFOR ODOEZE,

Plaintiff,

v.

KRISTI NOEM, TODD LYONS,
Defendants.

No. 1:25-CV-00716

**DECLARATION OF ANDRE WATSON**

I, Andre Watson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Senior Official within the National Security Division (NSD) for Homeland Security Investigations (HSI). I am a career member of the Senior Executive Service with the rank of Assistant Director. Prior to becoming the Assistant Director of NSD, I served on a detail assignment to the U.S. Department of Homeland Security in the capacity of Principal Deputy Assistant Secretary for the Countering Weapons of Mass Destruction Office. I have additionally served as the HSI Special Agent in Charge in Baltimore, M.D., Deputy Special Agent in Charge in Washington, D.C., Assistant Special Agent in Charge in Houston, T.X., and Supervisory Special Agent in Blaine, W.A. I have also previously served in Headquarters assignments such as Chief of Staff to the Deputy Director of U.S. Immigration and Customs Enforcement (ICE), Chief of Intelligence for the U.S. Department of Justice, International Organized Crime and Intelligence Operations Center, and various supervisory positions within NSD.

2. As the Senior Official within NSD, I oversee the National Security Division as well as Student and Exchange Visitor Program (SEVP) functions in support of ICE efforts to identify, disrupt and dismantle transnational criminal enterprises and terrorist organizations that threaten the security of the United States. These efforts encompass all investigations and aspects of terrorism, special interests involving state and non-state actors, human rights violators and war criminals, as well as compliance and oversight functions for over 6,900 academic institutions, 45,000 designated school officials, and over 1.2 million foreign students studying in the United States.

3. SEVP was created in the wake of the September 11, 2001, terrorist attacks to provide integrity to the immigration system by collecting, maintaining and analyzing information so only legitimate nonimmigrant students or exchange visitors can gain entry in the U.S. Through a database housing information pertaining to schools and students, called the Student and Exchange Visitor Information System (SEVIS), SEVP manages and tracks nonimmigrants in the F, M, and J categories. To eliminate vulnerabilities related to the nonimmigrant visa program, Congress first introduced statutory language mandating the development of a program to collect data and improve tracking of foreign students in the Illegal Immigration Reform and Immigrant Responsibility Act of (IIRIRA) of 1996. In 2001, Congress expanded the foreign student tracking system when it enacted PATRIOT ACT, and in 2002, Congress strengthened the tracking system yet again through the Enhanced Border Security and Visa Entry Reform Act, noting concerns with national security and emphasizing the need to carefully track student status and information. Accordingly, these laws and regulations demonstrate a clear congressional directive that ICE closely monitor foreign students and the schools in which they enroll by vigorously enforcing statutory and regulatory requirements.

4.      Congress provided broad statutory authority under 8 U.S.C. § 1372 for the Government "to develop and conduct a program to collect" information regarding nonimmigrant students and exchange visitors and to "establish an electronic means to monitor and verify" certain related information. This is the statutory authority underpinning SEVIS. Inherent in that authority is SEVP's ability to update and maintain the information in SEVIS and, as such, to terminate SEVIS records, as needed, to carry out the purposes of the program.

5.      The Counter Threat Lead Development Unit (CTLD), a component of HSI's National Security Division, is specifically responsible for analyzing information related to alien nonimmigrant visa holders, who are lawfully admitted to the United States but violate the terms of their admission, pose a threat to national security or public safety and/or are involved in criminal activity for field referral and further investigation. CTLD receives over one million alien violator records each year, primarily from U.S. Customs and Border Protection (CBP) Arrival and Departure Information System (ADIS), as well as from the Student and Exchange Visitor Information System (SEVIS).

6.      I am aware of the above-captioned lawsuit and the motion for temporary restraining order (TRO) filed by the Plaintiff in this matter. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records, systems, databases, other Department of Homeland Security (DHS) employees, and information portals maintained and relied upon by DHS in the regular course of business.

7.      Jelena Liu is a citizen and national of China who was last admitted to the United States as an F-1 nonimmigrant visa holder. Liu's information was run against criminal databases and was a verified match to an encounter with Customs and Border Protection on January 3, 2018, at a Port of Entry in Chicago, IL.

8. Based on Liu's encounter with CBP, on April 3, 2025, SEVP set Liu's SEVIS record to "terminated."

9. Liu is not detained by ICE and is not in administrative removal proceedings.

10. Nina Hu is a citizen and national of China who was last admitted to the United States as an F-1 nonimmigrant visa holder. Hu's information was run against criminal databases and was a verified match to a criminal history record for Domestic Battery, Interference with the Reporting of a Crime, by the Lafayette Police Department. At that time, the disposition of this charge was unknown.

11. On April 2, 2025, CTLD received communications from the Department of State, indicating that Hu had a valid visa. On April 15, 2025, the Department of State confirmed that Hu's visa was revoked.

12. Based on Hu's criminal history, on April 3, 2025, SEVP set Hu's SEVIS record to "terminated."

13. Hu is not detained by ICE and is not in administrative removal proceedings.

14. Junde Zhu is a citizen and national of China who was last admitted to the United States as an F-1 nonimmigrant visa holder. Zhu's information was run against criminal databases and was a verified match to a criminal history record for Criminal Mischief, Public Drunkenness, by the Carlisle Police Department. At that time, the disposition of this charge was unknown.

15. On April 7, 2025, CTLD received communications from the Department of State, indicating that Zhu had a valid visa. On April 15, 2025, the Department of State confirmed that Zhu's visa was revoked.

16. Based on Zhu's criminal history, on April 8, 2025, SEVP set Zhu's SEVIS record to "terminated."

17. Zhu is not detained by ICE and is not in administrative removal proceedings.

18. Xiaotian Yu is a citizen and national of China who was last admitted to the United States as an F-1 nonimmigrant visa holder. Yu's information was run against criminal databases and was a verified match to a criminal history record for Domestic Battery/Bodily Harm (domestic violence), Domestic Battery/Physical Contact, by the Westmont Police Department. At that time, the disposition of this charge was unknown.

19. On April 7, 2025, CTLD received communications from the Department of State, from the Department of State, indicating that Yu had a valid visa. On April 15, 2025, the Department of State confirmed that Yu's visa was revoked.

20. Based on Yu's criminal history, on April 8, 2025, SEVP set Yu's SEVIS record to "terminated."

21. Yu is not detained by ICE and is not in administrative removal proceedings.

22. Xilai Dai is a citizen and national of China who was last admitted to the United States as an F-1 nonimmigrant visa holder. Dai's information was run against criminal databases and was a verified match to a criminal history record for Minor Consuming Alcohol, by the Purdue University Police. At that time, the disposition of this charge was unknown.

23. On April 7, 2025, CTLD received communications from the Department of State, indicating that Dai had a valid visa. On April 15, 2025, the Department of State confirmed that Hu's visa was revoked.

24. Based on Dai's criminal history, on April 8, 2025, SEVP set Dai's SEVIS record to "terminated."

25. Dai is not detained by ICE and is not in administrative removal proceedings.

26. Zhaorui Ni is a citizen and national of China who was last admitted to the United States as an F-1 nonimmigrant visa holder. Ni's information was run against criminal databases and was a verified match to a criminal history record for Resisting Law Enforcement, by the Purdue University Police Department. At that time, the disposition of this charge was unknown.

27. On April 7, 2025, CTLD received communications from the Department of State, requesting that the SEVIS record be terminated.

28. Based on Ni's criminal history, on April 8, 2025, SEVP set Ni's SEVIS record to "terminated."

29. Ni is not detained by ICE and is not in administrative removal proceedings.

30. Jideofor Odoeze is a citizen and national of Nigeria who was last admitted to the United States as an F-1 nonimmigrant visa holder. Odoeze information was run against criminal databases and was a verified match to a criminal history record for Domestic Battery Committed in Physical by the South Bend Police Department. At that time, records indicated that Odoeze was convicted of this offense.

31. On April 7, 2025, CTLD received communications from the Department of State, requesting that the SEVIS record be terminated.

32. Based on Odoeze's criminal history, on April 8, 2025, SEVP set Odoeze's SEVIS record to "terminated."

33. Odoeze is not detained by ICE and is not in administrative removal proceedings.

34. Prudential visa revocation, absent other factors, does not make an individual amenable to removal.

35. Terminating a record in SEVIS does not terminate an individual's nonimmigrant status in the United States. The statute and regulations do not provide SEVP the authority to

terminate nonimmigrant status by terminating a SEVIS record, and SEVP has never claimed that it had terminated plaintiffs' nonimmigrant status. Furthermore, the authority to issue or revoke visas for nonimmigrant students like the plaintiffs' lies with the Department of State, not SEVP. Terminating a record within SEVIS does not effectuate a visa revocation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of April 2025.

_____<br>
Andre Watson, Assistant Director<br>
National Security Division<br>
Homeland Security Investigations<br>
U.S. Immigration and Customs Enforcement<br>
U.S. Department of Homeland Security